[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 05-11172
_____ ___

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 15, 2006
THOMAS K. KAHN

D. C. Docket No. 04-20668 CR-DLG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HUGO HERNAN GONZALEZ ALVEAR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 15, 2006)**

Before BLACK, BARKETT and COX, Circuit Judges.

PER CURIAM:

In this appeal, we consider the threshold evidentiary requirements that must be met before a criminal defendant can present evidence supporting the affirmative defense of duress. We also consider whether evidence of coercion that might be probative of a defendant's mens rea may nonetheless be excluded if the defendant cannot rely on a duress defense as a matter of law.

## I. Background

Hugo Hernan Gonzalez Alvear was arrested at the Miami International Airport during a scheduled layover for a flight with an ultimate destination of New York. At the time, he had in his possession a suitcase containing heroin worth approximately $75,000. Alvear was charged with importation of heroin, in violation of 21 U.S.C. § 952(a), and possession of heroin with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1). During the course of Alvear's trial, the Government made an oral motion in limine to prevent Alvear from testifying to facts that might support a defense of duress. (R.4-52 at 6.) Outside of the jury's presence, the court heard extensive argument on the motion and allowed an evidentiary proffer by the defense, including testimony by Alvear himself. The court determined that Alvear had not established some of the elements of the defense and therefore granted the Government's motion. (R.4-52 at 30-33.) Later, during Alvear's testimony in the presence of the jury, the court

2

sustained the Government's objections to the admission of Alvear's testimony that he was forced to take the drugs to the United States and that he believed his family would be killed if he did not transport the drugs. (R.4-52 at 37-38, 47.) The jury found Alvear guilty of both crimes. He appeals his convictions.

## II. Issues on Appeal and Contentions of the Parties

Alvear raises two issues on appeal. First, he contends that the district court erred in granting the Government's motion in limine to exclude Alvear's testimonial evidence supporting the affirmative defense of duress. Second, Alvear contends that, even if he was properly prevented from pursuing a duress defense, the court erred in excluding the duress-related testimony because the same evidence was probative of his lack of intent to commit the crimes charged.

The Government asserts that, because Alvear's evidentiary proffer failed to demonstrate that he could prove the elements of the duress defense, the district court correctly granted the Government's motion in limine. The Government also argues that, even if the same evidence were offered to negate mens rea (rather than to support a duress defense), the district court did not err when it prevented Alvear from testifying that he was forced to transport the drugs because the charged crimes are general intent crimes and the proffered evidence would do nothing to

negate general intent. Finally, the Government contends that the district court's evidentiary rulings were proper applications of Federal Rule of Evidence 403.

### III. Standards of Review

We review de novo the district court's decision that a defendant is not entitled to a jury instruction on duress and, therefore, cannot present evidence of duress. *See United States v. Bailey*, 444 U.S. 394, 100 S. Ct. 624 (1980).

We review the evidentiary rulings of the district court for abuse of discretion and will reverse only if the resulting error affected a defendant's substantial rights. *See United States v. Brown*, 415 F.3d 1257, 1264-65 (11th Cir. 2005); *United States v. Tinoco*, 304 F.3d 1088, 1119 (11th Cir. 2002).

### IV. Discussion

#### A. The Duress Defense

We begin by discussing the district court's ruling that prohibited Alvear from employing a duress defense. To be able to pursue a defense of duress, a defendant must (if asked) proffer evidence sufficient to prove each of the elements of that defense. *See Bailey,* 444 U.S. at 415, 100 S. Ct. at 637; *United States v. Montgomery*, 772 F.2d 733, 736 (11th Cir. 1985). The elements of duress are: (1) the defendant faced an immediate threat of imminent harm to himself or others, (2) the defendant had a well-founded belief that the threat would be carried out, and

(3) the defendant had no reasonable opportunity to escape or inform police.

*United States v. Alzate*, 47 F.3d 1103, 1104 (11th Cir. 1995).

In response to the Government's motion in limine, the district court allowed Alvear's counsel to make a proffer of the evidence supporting the duress defense and to place his client on the witness stand, outside the presence of the jury, to testify to the proffered evidence. (R.4-52 at 19-30.) After this testimony, which the Government did not have the opportunity to cross-examine, the judge ruled that the evidence was insufficient to establish the first and third elements of the duress defense. (R.4-52 at 30-31.)

As part of the proffer, Alvear testified that he had to take the heroin to the United States because he believed that, if he did not, his family would be harmed. (R.4-52 at 29.) However, he did not testify that anyone had specifically threatened to harm him or his family if he did not complete the job; nor did he testify that any specific person was standing by to execute on the unspoken threat if he failed to comply with the traffickers' wishes. Alvear did testify that he feared that he was being watched and that this fear restrained him from speaking to airline personnel about his situation because he believed that, if he did so, the people watching him would report his activity to the traffickers in Ecuador and his family would then be harmed. (R.4-52 at 27.) Such generalized apprehension of future harm is

insufficient to establish the first element of the duress defense.  *United States v. Wattleton*, 296 F.3d 1184, 1196 n.20 (11th Cir. 2002); *United States v. Sixty Acres in Etowah County*, 930 F.2d 857, 860-61 (11th Cir. 1991).

Furthermore, even if Alvear's fear of being watched could establish the immediate threat requirement, his evidence did not establish the third element of the defense–that he had no reasonable opportunity to notify authorities.  Alvear was not in the custody of any drug trafficker during his flight or at the Miami airport.  Thus, he could have alerted the customs officials that he was carrying illicit drugs.  Alvear testified that he did not do so because he did not know who to trust.  (R.4-52 at 28.) A defendant seeking to assert a defense of duress must have taken *any* reasonable opportunity that he had during the commission of the crime to inform police or other authorities.  *See United States v. Lee*, 694 F.2d 649, 654 (11th Cir. 1983).  We agree with the Government that a defendant cannot escape this requirement by claiming a general distrust of those authorities.  Thus, the district court did not err in finding that Alvear could not, as a matter of law, rely on a defense of duress or in precluding Alvear from testifying as to facts supporting a duress defense.

6

B.  The Evidentiary Rulings

Alvear's second argument on appeal is that the district court should have allowed him to offer the same evidence that he had planned to offer in support of his duress defense, but limited the jury's use of the testimony to negation of the mens rea required for the crime.  The jury was instructed that the mens rea required to commit these offenses was specific intent.[1]  In ruling on the Government's motion in limine, the judge stated that Alvear could not testify as to facts offered to establish duress or coercion but that the same evidence "may be appropriate" if it were offered "for some other reason."  (R.4-52 at 32.)  Despite this statement by the court, when the Government objected to the introduction of the testimony, Alvear's counsel never suggested that he was offering the excluded

---

[1]The Government argues that this court's pattern instructions, as used in this case, incorrectly insert a specific intent element into the offenses defined in 21 U.S.C. §§ 841(a) and 952(a).  While the statutory language of those sections says the acts must be done "knowingly and intentionally," the pattern instructions state that the defendant must be found to have committed the offenses "knowingly and willfully."  *Eleventh Circuit Pattern Jury Instructions (Criminal Cases)* (2003 ed.), Offense Instructions 85 and 90.  The Eleventh Circuit is the only circuit to have included "willfully" in its pattern instructions for these offenses.

In this case, the district court paired the offense-specific pattern instructions with another pattern instruction, defining "willfully" as meaning "that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is with bad purpose either to disobey or disregard the law."  *Id.*, Basic Instruction 9.1.

Thus, the Government argues that Alvear was the beneficiary of a jury instruction imposing on the Government the burden of proving a higher level of mens rea than is actually required to prove the crimes and that exclusion of evidence negating specific intent was therefore harmless. We need not address this argument because, even assuming that the instructions given are correct, Alvear's convictions stand.

evidence for any purpose other than "saying what happened in this case, how he came in contact with the drugs[.]" (R.4-52 at 37.) Alvear's counsel never told the district court that he was seeking to admit the evidence to negate Alvear's specific intent.

This court generally does not consider on appeal arguments not raised before the district court. *FDIC v. Verex Assur. Inc.*, 3 F.3d 391, 395 (11th Cir. 1993); *Smith v. Horner*, 839 F.2d 1530, 1534 (11th Cir. 1988). We apply that rule in this case and therefore hold that the issue was not preserved for our review.

Assuming, arguendo, however, that Alvear preserved this argument for appeal, it is meritless. Even if Alvear's counsel had identified the testimony as evidence of Alvear's lack of specific intent, the district court's decision to disallow certain testimony would not have been an abuse of discretion. Federal Rule of Evidence 403 states: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." The district court's rulings did not prevent Alvear from presenting evidence to negate his intent to commit a crime. Not only was he permitted to provide testimony probative of his mens rea, but he actually did provide that testimony. Alvear

8

testified that he had not wanted to transport the drugs (R.4-52 at 40), that he did not want to break the law (R.4-52 at 40), that he had intentionally acted in a manner that he believed would raise suspicion by customs officials (R.4-52 at 41), that it was never his intention to deliver the drugs to a trafficker in the United States (R.4-52 at 41), and that he actually "delivered [him]self" to customs authorities (R.4-52 at 46). The district court excluded only testimony regarding Alvear's perception of force – namely, Alvear's belief (identified in the earlier proffer in support of Alvear's duress argument) that he was under vague threat of future harm to his family. (*See e.g.*, R.4-52 at 47 (excluding Alvear's testimony that he did not reveal the drugs to someone in Miami because to do so would be "killing [his] family right away."))

Thus, we hold that the district court did not abuse its discretion in these evidentiary rulings. The court reasonably excluded only Alvear's testimony regarding threats and coercion, evidence that might have confused the issues and misled the jury into believing that Alvear's actions could be excused because of duress. The testimony Alvear sought to give would have provided the jurors with information that Alvear's acts were coerced despite the fact that he could not, as a matter of law, rely on the duress defense.

## V. Conclusion

Because Alvear was not entitled to a duress defense and his testimony regarding threats and coercion was properly excluded, we affirm his convictions.

AFFIRMED.